UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORRAINE R. VELASQUEZ, | ) | No. CV 11-2505-CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of supplemental security income ("SSI") under Title XVI of the Social Security Act. The court finds this matter should be reversed and remanded for further administrative proceedings consistent with this decision and order.

I. BACKGROUND

Plaintiff Lorraine R. Velasquez was born on December 1, 1951, and was 56 years old on the date her application was protectively filed. [Administrative Record ("AR") 18.] Plaintiff has a limited education,

is able to communicate in English, and has past work experience as a laborer. [AR 18, 106.] Plaintiff alleges disability due to heart disease, high blood pressure, diabetes, chest pain, and joint pain. [AR 67, 101-02.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on March 24, 2011, and filed on April 7, 2011. On January 18, 2012, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III.  PRIOR PROCEEDINGS

Plaintiff protectively filed for SSI on January 25, 2008, alleging disability since February 14, 2001. [AR 66-86.] The Social Security Administration denied Plaintiff's application. [AR 13, 25-29.] At Plaintiff's request, an administrative hearing was held before Administrative Law Judge ("ALJ") Robert S. Eisman on March 1, 2010. [AR 232-82.] Plaintiff, who was represented by counsel, testified at the hearing. [AR 237-66.] Vocational expert ("VE") June Hagen also testified at the hearing. [AR 266-77.]

The ALJ denied benefits in an administrative decision filed on March 11, 2010. [AR 13-20.] When the Appeals Council denied review on January 28, 2011, the ALJ's decision became the Commissioner's final decision. [AR 3-5.] This action followed.

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of

legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

**V. DISCUSSION**

**A. THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

1     Disability claims are evaluated using a five-step test:

2        Step one: Is the claimant engaging in substantial
      gainful activity?  If so, the claimant is found not
3     disabled.  If not, proceed to step two.

4        Step two: Does the claimant have a "severe" impairment?
      If so, proceed to step three.  If not, then a finding of not
5     disabled is appropriate.

6        Step three: Does the claimant's impairment or
      combination of impairments meet or equal an impairment
7     listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
      so, the claimant is automatically determined disabled.  If
8     not, proceed to step four.

9        Step four: Is the claimant capable of performing his
      past work?  If so, the claimant is not disabled.  If not,
10    proceed to step five.

11       Step five: Does the claimant have the residual
      functional capacity to perform any other work?  If so, the
12    claimant is not disabled.  If not, the claimant is disabled.

13   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

14   April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

15   S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

16   C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

17   "not disabled" at any step, there is no need to complete further

18   steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

19       Claimants have the burden of proof at steps one through four,

20   subject to the presumption that Social Security hearings are non-

21   adversarial, and to the Commissioner's affirmative duty to assist

22   claimants in fully developing the record even if they are represented

23   by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

24   1288.  If this burden is met, a prima facie case of disability is

25   made, and the burden shifts to the Commissioner (at step five) to

4

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

The ALJ found Plaintiff had not engaged in substantial gainful activity since January 25, 2008, the date she protectively filed her application (step one); Plaintiff had "severe" impairments of morbid obesity, history of knee pain, atypical chest pain, and uncontrolled hypertension (step two); and Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 15.]

The ALJ found that Plaintiff had the ability to perform a range of medium work, as follows:

> [S]he can exert 20 to 50 pounds of force occasionally and/or 10 to 20 pounds of force frequently and/or greater than negligible up to 10 pounds of force constantly to move objects.  Physical demand requirements are in excess of those for light work.  The claimant can stand and walk up to 6 hours and sit up to 6 hours in an 8-hour workday with normal breaks.  She can perform work that does not require climbing ladders, ropes or scaffolds, and no more than

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 416.969a(c).

5

1 occasional climbing of ramps or stairs, balancing, stooping,
2 kneeling, crouching or crawling.  The claimant can perform
3 work that does not require concentrated exposure to
4 hazardous machinery, unprotected heights or other high risk,
5 hazardous or unsafe conditions.

[AR 15-16]; 20 C.F.R. § 416.967(c).  The ALJ then found that Plaintiff was not capable of performing her past relevant work as a laborer (step four).  [AR 18.]  Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Grid Rule 203.11 directed a finding of "not disabled."  [AR 19]; 20 C.F.R. part 404, subpart P, Appendix 2, Table No. 3, Rule 203.11.[2]  To determine the extent to which Plaintiff's nonexertional impairments eroded the medium occupational base, the ALJ called upon the testimony of a VE.  [AR 19, 266-77.]  Based on the VE's testimony, the ALJ concluded that Plaintiff could perform other work existing in significant numbers in the national economy, including work as a hand packager, sweeper/cleaner, and hospital cleaner (step five).  [AR 18-19.]  Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act.  [AR 19.]

**C.   ISSUE IN DISPUTE**

The disputed issue raised in the Joint Stipulation is whether the ALJ properly determined that Plaintiff was capable of performing other work at Step 5 of the sequential analysis.  [JS 3.]

**D.   ALJ'S STEP FIVE DETERMINATION**

Plaintiff contends she should have been found "disabled" under

---

[2] Grid Rule 203.11 directs a finding of "not disabled" for a person of advanced age, who is limited to medium work and has a limited education and past relevant work.  20 C.F.R. part 404, subpart P, Appendix 2, Table No. 3, Rule 203.11.

6

Grid Rule 203.10.  [JS 10-11, 17.]  Grid Rule 203.10 states that a person of advanced age, who is limited to medium work and has a limited education and no past relevant work, should be found "disabled."  20 C.F.R. part 404, subpart P, Appendix 2, Table No. 3, 203.10.  Plaintiff claims Grid Rule 203.10 applies because in addition to being of advanced age with a limited education and an RFC for less than the full range of medium work, her prior work as a laborer did not constitute past relevant work.  [JS 10-11, 17]; see 20 C.F.R. part 404, subpart P, Appendix 2, 203.00(c).

"Past relevant work" is work that a claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20 C.F.R. § 416.960(b); see also 20 C.F.R. § 416.965(a).  Substantial gainful activity is "work activity that is both substantial and gainful[.]" 20 C.F.R. § 416.972.  "Substantial work activity is work activity that involves doing significant physical or mental activities."  20 C.F.R. § 416.972(a).  A claimant's work may be substantial even if it is done on a part-time basis or if the claimant does less, gets paid less, or has less responsibility than when the claimant worked before.  Id. Gainful work activity is work activity that a claimant does for pay or profit.  20 C.F.R. § 416.972(b).  Average monthly earnings exceeding $500.00 for work performed between January 1990 through June 1999 ordinarily establish substantial gainful activity.  See 20 C.F.R. § 416.974(b)(2)(i).

Here, the record shows that Plaintiff last worked in 1995, and earned wages totaling $7,450.21 for the year.  [AR 56.]  On average, Plaintiff's earnings were over $500 per month, suggesting that she engaged in substantial gainful activity within fifteen years of the

1  ALJ's March 2010 decision.  See 20 C.F.R. § 416.974(b)(2)(i).
2  However, the record contains conflicting descriptions of Plaintiff's
3  past work.  For example, in her Work History Report and Disability
4  Report, Plaintiff wrote that from 1990 through 1995, she worked in
5  "security" eight hours a day, five days a week, and earned $6.75 per
6  hour.  [AR 93-94, 102.]  Plaintiff described her work in security as,
7  "[m]onitoring customers [and] trucks, [and] logging the people in and
8  out of the warehouse."  [AR 94-95, 102-03.]  When questioned about her
9  security work at the administrative hearing, Plaintiff claimed that
10 she actually worked in security for only one month.  [AR 239.]
11 Plaintiff testified that her "regular job" at the warehouse involved
12 packing and unpacking merchandise, and lifting up to 50 pounds.  [AR
13 239-40.]  Based on Plaintiff's hearing testimony, the VE found that
14 Plaintiff's prior work could best be described as laborer, stores
15 (Dictionary of Occupational Title 922.687-058), which was medium,
16 unskilled work.  [AR 266-68.]  Although Plaintiff never mentioned her
17 "regular job" as a laborer in her Work History Report or her
18 Disability Report, the VE concluded that the laborer position
19 qualified as past relevant work.  [AR 267.]  The ALJ adopted the VE's
20 conclusion.  [AR 18, 267.]
21      The information in the record is insufficient to support the
22 ALJ's finding that Plaintiff's prior work as a laborer constituted
23 past relevant work.  See 20 C.F.R. §§ 416.965, 416.910, 416.972.
24 Specifically, the record lacks information regarding the dates
25 Plaintiff worked as a laborer and the amount of income she earned from
26 that position.  See 20 C.F.R. § 416.972.  Further, Plaintiff's
27 statement that she worked in security from 1990 through 1995, as set
28 forth in her Work History Report and Disability Report, is

inconsistent with the conclusion that Plaintiff's work as a laborer was substantial gainful activity. [AR 93-95, 101-02, 239-40]; 20 C.F.R. § 416.972. Thus, the ALJ's determination that Plaintiff has past relevant work experience as a laborer is not supported by substantial evidence.

### E.    REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

In this case, remand is appropriate because there is insufficient information regarding Plaintiff's prior work experience as a laborer. On remand, the ALJ should attempt to resolve inconsistencies in the record regarding Plaintiff's prior work and determine whether Plaintiff's work as a laborer constituted substantial gainful activity. If the ALJ determines that Plaintiff has no past relevant work, a finding of "disabled" would be directed under Grid Rule 203.10. 20 C.F.R. part 404, subpart P, Appendix 2, Table No. 3, Rule 203.10. Thus, outstanding issues remain before a determination can be made, and remand for further administrative proceedings is appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635

F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).[3]

## VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED:    February 15, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[3] In the Joint Stipulation, Plaintiff also contends the ALJ failed to properly consider whether Plaintiff's RFC precludes her from performing the other jobs identified by the VE, and the degree of erosion of the medium vocational base caused by Plaintiff's lifting and stooping limitations and occasional use of a cane. [JS 5-11, 17-21.]  As explained above, however, the ALJ's failure to make sufficient findings regarding Plaintiff's past work constitutes sufficient reason to remand this case.  Depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address Plaintiff's remaining arguments.